IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON MORRISON,

      Plaintiff,                     No. CIV S-06-2597 WBS EFB P

   vs.

LOU BLANAS, et al.,

      Defendants.            ORDER

_____/

      Plaintiff is a state prisoner without counsel prosecuting a civil rights action. See 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial payment of $28.80 is assessed pursuant to section 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

1    The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
2 screening, finds that it states a cognizable claim against defendants McCoy, Kacalek, Painter,
3 Treat, and Douglas, regarding the alleged assault on August 28, 2005. *See* 28 U.S.C. § 1915A.

4    The complaint does not name any defendants who allegedly denied plaintiff access to the
5 law library from November 2005 to July 2006, or who participated in an alleged assault on
6 December 1, 2005, and therefore those causes of action fail to state a claim.

7    For the following reasons, the complaint does not state any charging allegations against
8 defendants Blanas or Black. The Civil Rights Act under which this action was filed provides as
9 follows:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

1   Plaintiff may proceed forthwith to serve defendants McCoy, Kacalek, Painter, Treat, and
2   Douglas, and pursue his claims against only those defendants or he may delay serving any
3   defendant and attempt to state a cognizable claim regarding the other violations alleged in his
4   complaint, including any against defendants Blanas and Black.
5   If plaintiff elects to attempt to amend his complaint to state a cognizable claim regarding
6   the other alleged violations and against defendants Blanas and Black, he has 30 days so to do.
7   He is not obligated to amend his complaint.
8   If plaintiff elects to proceed forthwith against defendants McCoy, Kacalek, Painter,
9   Treat, and Douglas, against whom he has stated a cognizable claim for relief, then within 20 days
10  he must return materials for service of process enclosed herewith.  In this event the court will
11  construe plaintiff's election as consent to dismissal of all claims regarding law library access and
12  the alleged December 1, 2005, assault, as well as any against defendants Blanas and Black,
13  without prejudice.
14  Any amended complaint must show the federal court has jurisdiction, the action is
15  brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It
16  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
17  who personally participated in a substantial way in depriving plaintiff of a federal constitutional
18  right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
19  deprivation of a constitutional right if he does an act, participates in another's act or omits to
20  perform an act he is legally required to do that causes the alleged deprivation).
21  In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
22  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.
23  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
24  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).
25  The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d
26  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants McCoy, Kacalek, Painter, Treat, and Douglas.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $28.80. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Blanas and Black are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

////

5

1      4. The allegations in the pleading are sufficient to state cognizable claims against
2  defendants McCoy, Kacalek, Painter, Treat, and Douglas. *See* 28 U.S.C. § 1915A. With this
3  order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading
4  filed November 20, 2006, five USM-285 forms and instructions for service of process on
5  defendants McCoy, Kacalek, Painter, Treat, and Douglas. Within 20 days of service of this
6  order plaintiff may return the attached Notice of Submission of Documents with the completed
7  summons, the completed USM-285 forms, and six copies of the November 20, 2006, complaint.
8  The court will transmit them to the United States Marshal for service of process pursuant to Fed.
9  R. Civ. P. 4. Defendants McCoy, Kacalek, Painter, Treat, and Douglas will be required to
10 respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this
11 event, the court will construe plaintiff's election to proceed forthwith as consent to an order
12 dismissing his defective claims against defendants Blanas and Black without prejudice.
13 Dated: October 24, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON MORRISON,

        Plaintiff,                    No. CIV S-06-2597 WBS EFB P

    vs.

LOU BLANAS, et al.,

        Defendants.            <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__        completed summons form

        _____        completed forms USM-285

        _____        copies of the _____
                                                Complaint

Dated:

                                          _____
                                                    Plaintiff