IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON MORRISON,

        Plaintiff,                    No. CIV S-06-2597 WBS EFB P

   vs.

LOU BLANAS, et al.,

        Defendants.            <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On October 24, 2007, the court found that plaintiff's complaint states cognizable claims against defendants McCoy, Kacalek, Painter, Treat, and Douglas, but not against defendants Black and Blanas. That order gave plaintiff leave to amend to state claims against defendants Black and Blanas.

      On January 22, 2008, plaintiff submitted documents for service for defendants McCoy, Kacalek, Painter, Treat, and Douglas, together with a letter indicating that he would like to amend his complaint. Plaintiff is referred to the October 24, 2007 order. As stated in that order, plaintiff may proceed forthwith to serve defendants McCoy, Kacalek, Painter, Treat, and Douglas and pursue his claims against only those defendants or he may delay serving any defendant and attempt again to state a cognizable claim against defendants Blanas and Black.

1

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Blanas and Black, he has 30 days so to do.  However, he is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants McCoy, Kacalek, Painter, Treat, and Douglas, against whom he has stated a cognizable claim for relief, then within 20 days he must inform the court that he has elected to proceed on the previously returned materials for service of process.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Blanas and Black without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a

claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

/////

1    The court (and defendant) should be able to read and understand plaintiff's pleading
2 within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many
3 defendants with unexplained, tenuous or implausible connection to the alleged constitutional
4 injury, or joining a series of unrelated claims against many defendants, very likely will result in
5 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
6 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

7    If plaintiff's pleading is deficient on account of an omission or technical defect, the court
8 will not dismiss it without first identifying the problem and giving plaintiff an opportunity to
9 cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be
10 construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff
11 violates the federal rules, once explained, or the court's plain orders.

12    An amended complaint must be complete in itself without reference to any prior
13 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
14 files an amended complaint, the original pleading is superseded.

15    By signing a first amended complaint plaintiff certifies he has made reasonable inquiry
16 and has evidentiary support for his allegations and that for violation of this rule the court may
17 impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

18    A prisoner may bring no § 1983 action until he has exhausted such administrative
19 remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*
20 *v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any
21 departmental decision, action, condition, or policy which they can demonstrate as having an
22 adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must
23 be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and
24 "action requested." Therefore, this court ordinarily will review only claims against prison
25 officials within the scope of the problem reported in a CDC form 602 or an interview or claims
26 that were or should have been uncovered in the review promised by the department. Plaintiff is

1 further admonished that by signing an amended complaint he certifies his claims are warranted 2 by existing law, including the law that he exhaust administrative remedies, and that for violation 3 of this rule plaintiff risks dismissal of his entire action, including his claims against defendants .

4     Accordingly, the court hereby orders that:

5     1. Within 30 days of service of this order, plaintiff may amend his complaint to attempt 6 to state cognizable claims against these defendants. Failure to do so will result in a 7 recommendation that those defendants be dismissed with prejudice. Plaintiff is not obliged to 8 amend his complaint and, as noted, may proceed as to the defendants noted in paragraph 2, 9 below, only.

10     2. The allegations in the pleading are sufficient at least to state cognizable claims against 11 defendants McCoy, Kacalek, Painter, Treat, and Douglas. *See* 28 U.S.C. § 1915A. Plaintiff has 12 already submitted documents for service on these defendants. Within 20 days of service of this 13 order plaintiff must inform the court whether he intends to proceed against those defendants with 14 those service documents, or he may file a motion for leave to file an amended complaint together 15 with a proposed amended complaint. If plaintiff elects to proceed against defendants McCoy, 16 Kacalek, Painter, Treat, and Douglas, the court will transmit the service documents already 17 submitted to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. 18 Defendants McCoy, Kacalek, Painter, Treat, and Douglas will be required to respond to 19 plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the 20 court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his 21 defective claims against defendants Blanas and Black without prejudice.

22 Dated: May 29, 2008.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE